Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 5684 | DATE | 2/19/2004 |
| CASE TITLE | South Beach Beverage Co vs. Rush Beverage Co Inc | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] In court hearing held. For the reasons stated in the attached memorandum opinion and order, South Beach's motion for summary judgment is granted. South Beach's remaining counterclaims are voluntarily withdraw. South Beach's request to transfer the determination of damages to a magistrate judge is denied. Jury trial set for 2/23/04 is vacated. Status hearing set for 2/24/04 at 9:00 a.m. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | FEB 20 2004 date docketed | |
| ✓ | Docketing to mail notices. | | 128 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| MF | courtroom deputy's initials | date mailed notice | |
| | | mailing deputy initials | |

U.S. DISTRICT COURT CLERK
'04 FEB 19 PM 3:10
FILED 01

Date/time received in central Clerk's Office

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
FEB 20 2004

SOUTH BEACH BEVERAGE COMPANY, )
)
Counterclaim Plaintiff, )
)
v. ) No: 01 C 5684
)
RUSH BEVERAGE COMPANY, INC., and ) Judge John W. Darrah
R.J. CORR NATURALS, INC., )
)
Counterclaim Defendants. )

## MEMORANDUM OPINION AND ORDER

The Counterclaim Plaintiff, South Beach Beverage Company, Inc. ("South Beach"), filed counterclaims against the Counterclaim Defendants, Rush Beverage Company, Inc. and R.J. Corr Naturals, Inc., for, among reasons, breach of contract. Presently before the Court is the South Beach's Motion for Summary Judgment against Rush Beverage Company, Inc. and R.J. Corr Naturals. For the following reasons, South Beach's Motion for Summary Judgment is granted.

## LEGAL STANDARD

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (*Celotex*). Thus, although the moving party on a motion for summary judgment is responsible for demonstrating to the court why there is no genuine issue of material fact, the non-moving party must go beyond the



face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate, through specific evidence, that a genuine issue of material fact exists and to show that a rational jury could return a verdict in the non-moving party's favor. *Celotex*, 477 U.S. at 322-27; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986) (*Anderson*); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (*Matsushita*); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the opposing party. *Anderson*, 477 U.S. at 247-48; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). However, a metaphysical doubt will not suffice. *Matsushita*, 475 U.S. at 586. If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. *Anderson*, 477 U.S. at 249-250.

## BACKGROUND

Counterclaim Defendants failed to respond to South Beach's motion for summary judgment of Rule 56.1(a) Statement of Facts. Counterclaim Defendants' failure to comply with Rule 56.1(b) results in accepting as true all facts set out in a Rule 56.1(a) statement. *See Smith v. Lamz*, 321 F.3d 680, 682-83 (7th Cir. 2003). Even though Counterclaim Defendants failed to respond to South Beach's statement of material facts and such facts are deemed admitted, South Beach's Motion for Summary Judgment will only be granted if it can demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *See Johnson v. Gudmundson*, 35 F.3d 1104, 1112 (7th Cir. 1994). Accordingly, the undisputed facts,

for the purposes of this motion, taken from South Beach's Local Rule 56.1(a) & (b) statements of material facts (referred to herein as "Pl.'s 56.1") and exhibits, are as follows.

Rush Beverage is a corporation organized and existing under the laws of Illinois with its principal place of business in Blue Island, Illinois. Pl.'s 56.1 ¶ 1. Robert J. Corr is the president of Rush Beverage and R.J. Corr Naturals. Pl.'s 56.1 ¶ 2. South Beach is a Delaware corporation with its principal place of business in Norwalk, Connecticut. South Beach is the successor in interest to South Beach Beverage Company, LLC, a Connecticut limited liability company. Pl.'s 56.1 ¶ 4.

In or about June 2000, South Beach Beverage Company, LLC began developing a new energy drink known as "Adrenaline Rush." Pl.'s 56.1 ¶ 5. On September 6, 2000, South Beach Beverage Company, LLC received a letter from Corr, alleging that South Beach Beverage Company, LLC's use of "Adrenaline Rush" in connection with beverage products would lead to consumer confusion with R.J. Corr Naturals' "Rush" trademarks and demanding that South Beach Beverage Company, LLC cease all further use of "Adrenaline Rush." Pl.'s 56.1 ¶ 6.

Following negotiation, South Beach Beverage Company, LLC and R.J. Corr Naturals entered into an agreement (the "Consent Agreement") effective September 29, 2000. Pl.'s 56.1 ¶ 7. Pursuant to the Consent Agreement, R.J. Corr Naturals agreed "never to use or license others to use the mark 'Rush' in combination with the words Adrenaline or SOBE in connection with beverage products." Pl.'s 56.1 ¶ 8. The Consent Agreement further provided that "Corr will refrain from taking any legal action or initiat[ing] any other legal proceedings that would hinder South Beach in its free and unfettered use and registration" of the "SOBE Adrenaline Rush" mark. Pl.'s 56.1 ¶ 9. South Beach Beverage Company, LLC paid R.J. Corr

Naturals $30,000 and agreed to certain restrictions on the use of the mark "SOBE Adrenaline Rush." Pl.'s 56.1 ¶ 10.

South Beach Beverage Company, LLC assigned its rights under the consent agreement to South Beach. Pl.'s 56.1 ¶ 11. R.J. Corr Naturals assigned its rights under the Consent Agreement to Rush Beverage. Pl.'s 56.1 ¶ 12.

In November 2000, South Beach launched the "SOBE Adrenaline Rush" energy drink in the United States. Pl.'s 56.1 ¶ 13. South Beach complied in all respects with the terms of the Consent Agreement. Pl.'s 56.1 ¶ 14. Rush Beverage filed the instant suit on July 23, 2001, alleging breach of the Consent Agreement. Pl.'s 56.1 ¶ 15.

## ANALYSIS

South Beach seeks summary judgment on liability as to its Fourth Cause of Action contained in its Answer with counterclaims, a breach of contract claim. South Beach also seeks to voluntarily withdraw its remaining counterclaims. Finally, South Beach seeks to refer the matter to a magistrate judge for a determination of damages.

Under the law of the case doctrine, a ruling by a trial court, in an earlier stage of the case, is binding on subsequent stages of the case. *See, e.g., Fed'n of Adver. Indus. Representatives v. City of Chicago*, 326 F.3d 924 (7th Cir. 2003) (applying law of the case principles to appeals). In a December 12, 2002 opinion, this Court found that the Consent Agreement is not unconscionable and is enforceable and that South Beach performed its obligations under the Consent Agreement. Therefore, Rush Beverage may not, at this stage, re-litigate these determinations.

Moreover, the undisputed facts demonstrate Rush Beverage violated its contractual obligations. Counterclaim Defendants alleged in their Amended Complaint that South Beach's use of "Adrenaline Rush" violated trademark laws. Those claims were held to be without merit in the December 12, 2002 opinion.

Rush Beverage's filing and prosecution of these claims violated paragraph four of the Consent Agreement, which prohibited Corr from taking any legal action that would hinder South Beach from using the "SOBE Adrenaline Rush" trademark. Therefore, Rush Beverage breached the Consent Agreement, and South Beach is entitled to damages.

South Beach requests that the determination of damages be referred to a magistrate judge. South Beach also voluntarily dismisses its remaining counterclaims. "Liability in a contract case ... does not depend on proof of injury. Proof of liability is complete when the breach of contract is shown." *Hydrite Chem. Co. v. Calumet Lubricants Co.*, 47 F.3d 887, 891 (7th Cir. 1995). However, South Beach has not presented any authority allowing a transfer to the magistrate on the limited issue of damages. Therefore, South Beach's request to transfer the determination of damages to a magistrate judge is denied.

## CONCLUSION

For the foregoing reasons, South Beach's Motion for Summary Judgment is granted. South Beach's remaining counterclaims are voluntarily withdrawn. South Beach's request to transfer the determination of damages to a magistrate judge is denied.

Dated: February 19, 2004

JOHN W. DARRAH
United States District Judge

6